Aldo A. Flores, Esq. (SBN 224239)
FLORES LAW, APLC
12616 Central Avenue
Chino, California 91710
Telephone: (323) 333-7105
Facsimile: (213) 477-2008

Attorneys for Plaintiff DANIEL GONZALES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALES d.b.a ORIGINALS CAR CLUB OF ELA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HENRY MENDEZ, an individual; and DOES 1 through 100, inclusive.<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESCRIPTION, AND INJURY TO BUSINESS REPUTATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DANIEL GONZALES, doing business as ORIGINALS CAR CLUB OF ELA, by his attorneys, as and for his complaint against Defendant HENRY MENDEZ (Defendant MENDEZ") alleges as follows:

**JURISDICTION AND VENUE**

1. This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description), for Unfair Business Practice arising under California Business and Professions Code § 17200 et seq., and for injury to business reputation.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction

over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the Defendant MENDEZ because said defendant maintains his principal place of business in the State of California.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the defendant maintains its principal place of business in this district.

## THE PARTIES

5. Plaintiff DANIEL GONZALES ("Plaintiff") is an individual residing in the County of Los Angeles, California.

6. Plaintiff is the owner of the trademark, "ORIGINALS CAR CLUB OF ELA," the trademark of a private car club comprised of classic automobile enthusiasts in southern California.

7. Plaintiff is the president of said car club.

8. Defendant MENDEZ, is, and at all times herein alleged, an individual residing in the County of Los Angeles, California.

9. At all times herein mentioned, each of the Defendants mentioned in the caption of this complaint which is incorporated herein by reference, was and is the agent, servant, alter ego, and employee of each of the other Defendants, and all allegations here have been done by said Defendants while they were acting in the capacity of agent of the other Defendant, all alleged actions of Defendants were ratified, acknowledged and/or authorized by the other Defendants.

10. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## FACTUAL BACKGROUND

11. As stated above, Plaintiff is the owner of the federal trademark,

"ORIGINALS CAR CLUB OF ELA," the name of a car club comprised of classic automobile enthusiasts in southern California of which Plaintiff is a long-standing member and President.

12. The ORIGINALS CAR CLUB OF ELA (hereafter "ORIGINALS") car club organizes, promotes and hosts car shows and charity events to the public at large. The club was formed to promote the interests of aficionados dedicated to the renovation and customization of classic American automobiles, and to promote positive social interaction among its members and the public.

13. Plaintiff promotes ORIGINALS through the use of printed advertisements, banners, internet announcements, active participation in social media networks, sales of merchandise (such as personal apparel bearing the "ORIGINALS" mark), and on ornate metal plaques that adorn the automobiles of its members.

14. Plaintiff promotes ORIGINALS primarily through the use of a unique logo, which is a stylized design of the word, "ORIGINALS." The logo is prominently featured in ORIGINALS' activities. Plaintiff is the registered owner of the trademarked logo and name, "ORIGINALS CAR CLUB OF ELA."

15. Since its formation, ORIGINALS and the "ORIGINALS CAR CLUB OF ELA" trademark have gained widespread recognition in the classic car enthusiast community of southern California. Plaintiff is a prolific organizer and promoter of ORIGINALS' car shows where the club proudly showcases its members' vintage automobiles. In sum, ORIGINALS has achieved recognition through years of hard work and dedication of its members and owners. Plaintiff's trademark is an integral part of ORIGINALS' operations.

16. To protect the club's name, and to identify to its customers and fans the club's status as one of southern California's preeminent car club dedicated to the renovation and customization of classic American automobiles, on June 19, 2012, Plaintiff applied to register the "ORIGINALS CAR CLUB OF ELA" mark with the United States Patent and Trademark Office (the "USPTO").

17. On May 28, 2013, the USPTO approved the application and issued a Certificate of Registration under Registration Number 85656170. A copy of the registration certificate is attached as "Exhibit A."

18. Therafter, and fully aware that Plaintiff owned the "ORIGINALS CAR CLUB OF ELA" trademark, Defendant MENDEZ used Plaintiff's trademark at car shows in merchandize without Plaintiff's authorization or consent.

19. Defendant MENDEZ and others associated with him, have used Plainitff's trademark on plaques that adorned their automobiles, apparrel, website, printed advertisements, banners and promotions on online social media networks.

20. Said defendant and his coheorts also used the "ORIGINALS CAR CLUB OF ELA" trademark in conjunction with their use of variations of the "ORIGINALS" name—all to project to the public at large that Defendant MENDEZ and his associates were the owners of the "ORIGINALS CAR CLUB OF ELA" trademark.

21. On or about September 26, 2014, Defendant MENDEZ filed a federal application to trademark "ORIGINALS EAST L.A. CAR CLUB."

22. On February 23, 2015, the USPTO rejected Defendant MENDEZ's trademark application on several bases, on of which was a likelihood of confusion with Plaintiff's trademark. Defendant MENDEZ then elected to abandon his application, and the USPTO issued a notice of trademark application abandonment.

23. Throughout 2015 and through the present, Plaintiff served "cease and desist" letters on Defendant MENDEZ and several of his cohorts who were using the "ORIGINALS EAST L.A. CAR CLUB" trademark and/or the name, "ORIGINALS EAST L.A. CAR CLUB."

24. Notwithstanding having been served with said cease-and-desist demands, Defendant MENDEZ and several of his cohorts continued to engage in the unauthorized use of the "ORIGINALS CAR CLUB OF ELA" trademark.

25. On or about September 2016, Plaintiff discovered that Defendant MENDEZ had planned a car show scheduled for October 8, 2016 in Commerce, California in which

"ORIGINALS" was advertised as the event's promoter. Thus, Defendant MENDEZ continued to use the "ORIGINALS" mark in his business operations including promotions on websites, printed advertisements, banners and online social media networks.

26. Defendant MENDEZ engaged in the above-described activities under the names, "ORIGINALS," "ORIGINALS CAR CLUB OF ELA," and "ORIGINALS EAST L.A. CAR CLUB."

27. The goods and services offered by Defendants are identical to those Plaintiff provides.

28. Defendant MENDEZ's use of the names, "ORIGINALS," "ORIGINALS CAR CLUB OF ELA," and "ORIGINALS EAST L.A. CAR CLUB" in his car show and product promotions constitute the use in commerce of a colorable imitation, copy and reproduction of Plaintiff's trademark. The "ORIGINALS" mark being used by Plaintiff and Defendant MENDEZ are identical and/or nearly identical, in sight and sound and have an identical meaning. Defendant MENDEZ's use of the names, "ORIGINALS," "ORIGINALS CAR CLUB OF ELA," and "ORIGINALS EAST L.A. CAR CLUB" to promote his own car club and activities is deceptively and confusingly similar to Plaintiff's long-standing trademark for a car club dedicated to serving car enthusiasts in California, particularly among enthusiasts of the renovation and customization of classic American automobiles.

29. Defendant MENDEZ is using Plaintiff's trademark in the same types of channels and to the same classes of enthusiasts that follow and patronize Plaintiff's car club, ORIGINALS.

30. Defendant MENDEZ's use of Plaintiff's mark is likely to cause confusion, mistake, or deception in the minds of the public.

31. Defendant MENDEZ's infringement constitutes a willful and malicious violation of Plaintiff's trademark rights, aimed at preventing Plaintiff from continuing to build a car club and business around a mark that Plaintiff has long possessed.

**FIRST CLAIM**

**TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32**

32. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 31.

33. Defendant MENDEZ's use of the "ORIGINALS" brand name comprises an infringement of Plaintiff's registered trademark and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's goods, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

34. By reason of the foregoing acts, Defendant MENDEZ is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

**SECOND CLAIM**

**UNFAIR COMPETITION UNDER LANHAM ACT § 43**

35. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 34.

36. Defendant MENDEZ's use of the "ORIGINALS" mark to promote, market, and sell merchandise and services in the car enthusiast community in direct competition with Plaintiff's products and services constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Defendant MENDEZ's use of the "ORIGINALS" mark is likely to cause confusion, mistake, and deception among consumers.

37. Defendant MENDEZ's unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

///

///

///

///

**THIRD CLAIM**

**UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 et seq.**

38. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 37.

39. Defendant MENDEZ's actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200. Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant MENDEZ to cease this unfair competition, as well as disgorgement of all of Defendant MENDEZ's profits associated with this unfair competition.

**FOURTH CLAIM**

**FALSE DESCRIPTION**

40. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 40.

41. Defendant MENDEZ's use of the "ORIGINALS" mark, and its variants, is such a colorable imitation and copy of Plaintiff's trademark established in the market of enthusiasts of the renovation and customization of classic American automobiles and related consumer products that Defendant MENDEZ's use thereof in the context of said car enthusiast community is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Plaintiff's mark, brand and products, or to deceive consumers as to the origin, sponsorship or approval of Plaintiff's mark, brand and products.

42. Plaintiff avers that Defendant MENDEZ's use of the term "ORIGINALS" comprises a false description or representation of such business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

///

**FIFTH CLAIM**

**COMMON LAW INJURY TO BUSINESS REPUTATION**

43. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 42.

47. Plaintiff alleges that Defendant MENDEZ's use of Plaintiff's trademark inures and creates a likelihood of injury to Plaintiff's business reputation because persons encountering Defendant MENDEZ's use of the name, "ORIGINALS" and its products and services will believe that Plaintiff is affiliated with or related to or has the approval of Defendant MENDEZ, and any adverse reaction by the public to Defendant MENDEZ and the quality of its products and thenature of its business will injure the business reputation of Plaintiff and the goodwill that he enjoys in connection with his "ORIGINALS CAR CLUB OF ELA" trademark.

**PRAYER**

WHEREFORE, Plaintiff prays:

1. That Defendant HENRY MENDEZ and his agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from him, and each of them, be preliminarily and permanently enjoined from:(a) using Plaintiff's trademark depicted in "Exhibit A," or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in anyway similar to Plaintiff's trademark, "ORIGINALS CAR CLUB OF ELA," or that is likely to cause confusion, mistake, deception,or public misunderstanding as to the origin of Plaintiff's products or their connectedness to Defendant HENRY MENDEZ.

2. That Defendant HENRY MENDEZ be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

3. That, pursuant to 15 U.S.C. § 1117, Defendant HENRY MENDEZ be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. § 1117, Defendant HENRY MENDEZ be compelled to account to Plaintiff for any and all profits derived by him from his illegal acts complained of herein;

5. That Defendant HENRY MENDEZ be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising,promotional material or the like in possession, custody or under the control of Defendant HENRY MENDEZ bearing a trademark found to infringe Plaintiff's "ORIGINALS CAR CLUB OF ELA" trademark rights, as well as all plates, matrices, and other means of making the same;

6. That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

7. That the Court grant Plaintiff any other remedy to which it may be entitled asprovided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and,

8. For attorney's fees and costs;

9. For such and other further relief that the court deems just and proper.

DATED: November 23, 2016 FLORES LAW, APLC

By: ______________________

ALDO A. FLORES
Attorney for Plaintiff DANIEL GONZALES, doing business as ORIGINALS CAR CLUB OF ELA

**DEMAND FOR JURY TRIAL**

Plaintiff DANIEL GONZALES hereby demands a trial by jury in this action.

DATED: November 23, 2016 FLORES LAW, APLC

By: ______________________________

ALDO A. FLORES
Attorney for Plaintiff DANIEL GONZALES, doing business as ORIGINALS CAR CLUB OF ELA

# United States of America

**United States Patent and Trademark Office**

## ORIGINALS CAR CLUB OF ELA

**Reg. No. 4,344,425**

**Registered May 28, 2013**

**Int. Cl.: 35**

**SERVICE MARK**

**SUPPLEMENTAL REGISTER**

GONZALES, DANIEL (UNITED STATES INDIVIDUAL)
15919 LA FORGE ST B
WHITTIER, CA 90603

FOR: CLUB SERVICES, NAMELY, PROMOTING THE INTERESTS OF CAR ENTHUSIASTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-11-2012; IN COMMERCE 8-11-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CAR CLUB", APART FROM THE MARK AS SHOWN.

SER. NO. 85-656,170, FILED P.R. 6-19-2012; AM. S.R. 11-30-2012.

CAROLINE WOOD, EXAMINING ATTORNEY

UNITED STATES PATENT AND TRADEMARK OFFICE
DEPARTMENT OF COMMERCE

Acting Director of the United States Patent and Trademark Office

**EXHIBIT A**

Exhibit 2

# Certificate of Registration

JC

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Maria A. Pallante

Register of Copyrights, United States of America

**Registration Number**
VAu 1-189-580

**Effective date of registration:**
August 12, 2014

## Title

**Title of Work:** Originals East L.A.

## Completion/Publication

**Year of Completion:** 2014

## Author

- **Author:** Daniel A. Gonzales
  **Author Created:** text*, 2-D artwork
  **Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Daniel A. Gonzales
15919 La Forge Street, Apt.B, Whittier, CA, 90603, United States

## Rights and Permissions

**Name:** Daniel A. Gonzales
**Email:** ogdan-e@hotmail.com
**Telephone:** 562-968-8697

## Certification

**Name:** Steven Fichera
**Date:** August 12, 2014
**Applicant's Tracking Number:** Order 92715

---

**Copyright Office notes:** Regarding author information: *Text is title only; names, titles, short phrases not copyrightable. Authority 37 CFR 202.1

**EXHIBIT A**